UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL KORS, L.L.C.,

                Plaintiff,

v.

MULBERRY STREET PROPERTIES
CORP., CHOWDHURY TRADERS LLC,
*et al.*

                Defendants.

15-cv-5504

**OPINION**

Plaintiff Michael Kors, L.L.C., ("MK") brings this action against, among others, defendant Chowdhury Traders LLC. Before the court is plaintiff's motion for default judgement against Chowdhury Traders. For the reasons given below, default judgment is appropriate and statutory damages of $2,600,000 are awarded to plaintiff.

**Background**

Plaintiff is a global luxury lifestyle brand led by designer Michael Kors. Defendant Chowdhury Traders is a New York company that operates a store at 112 Mulberry Street.

On December 20, 2013, plaintiff conducted a civil seizure of counterfeit merchandise at 112 Mulberry Street, seizing one counterfeit MK watch. On April 25, 2014, plaintiff conducted a second civil seizure

1

of counterfeit merchandise, seizing 123 counterfeit MK watches. On January 30, 2015, an investigator observed counterfeit MK merchandise being sold at 112 Mulberry Street, and made an evidentiary purchase of a counterfeit MK bracelet. On February 5, 2015, and April 29, 2015, investigators again observed counterfeit MK merchandise being sold at the property, and made evidentiary purchases of counterfeit MK earrings. On May 15, 2015, plaintiff conducted a third civil seizure of counterfeit merchandise at 112 Mulberry Street, seizing 81 counterfeit MK watches, 36 counterfeit MK glasses, and 36 counterfeit MK cases.[1]

Plaintiff commenced this action by filing a complaint on July 15, 2015. The following day, the Clerk of Court issued a summons to defendant Chowdhury Traders to appear in the action and answer the complaint. On July 24, 2015, the summons and complaint were served upon defendant Chowdhury Traders by personal service to a person authorized to accept service in the Corporate Division of the Department of State of New York. Proof of service was filed with the court on August 3, 2015.

Defendant Chowdhury Traders has failed to answer the complaint or otherwise appear in this action. The Clerk of Court entered default

---

[1] By the figures given in the complaint, plaintiff has seized 205 counterfeit MK watches, 36 counterfeit MK glasses, 36 counterfeit MK cases, two sets of counterfeit MK earrings, and one counterfeit MK bracelet. However, according to a table provided in plaintiff's papers on its motion for default judgment, only 105 counterfeit MK watches were seized. While the court notes this discrepancy, the actual number of watches seized does not change the court's calculus, as explained below.

against Chowdhury Traders on December 11, 2015.  On January 28, 2016, plaintiff moved for default judgment, seeking $53,700,000 in damages.  Plaintiff sent notice of its motion to Chowdhury Traders at 112 Mulberry Street.  Again, Chowdhury Traders failed to respond.

## Discussion

Federal Rule of Civil Procedure 55 provides a "two-step process" for the entry of judgment against a party that fails to defend itself: first, the entry of default; and second, the entry of a default judgment.  *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).  First, under Rule 55(a), when a party fails to "plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court.  *Robertson v. Doe*, No. 05-cv-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008).  The party seeking default judgment must send notice of its application to the defaulting party so that the defaulting party has an opportunity to show cause as to why the court should not enter a default judgment.  *Id.*  Here, the clerk has entered default against defendant Chowdhury Traders and plaintiff has moved for default judgment and sent notice of the application to Chowdhury Traders.  Chowdhury Traders has failed to respond.

In considering a motion for default judgment, a court must "accept[] as true all of the factual allegations of the complaint," *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981), but "the amount

3

of damages are not deemed true." *Credit Lyonnais Secs. (USA) v. Alcantara*, 183 F.3d 151, 152 (2d Cir. 1999).

### I.     Liability

The court first must determine whether, based on the well-pleaded facts in the complaint, the allegations state a claim upon which relief can be granted.  *See Au Bon Pain*, 653 F.2d at 65.  Here, plaintiff has stated a valid claim.

Against defendant Chowdhury Traders, the plaintiff has asserted, *inter alia*, multiple claims under the Lanham Act, 15 U.S.C. § 1051 *et seq.*  "To succeed on . . . Lanham Act claims, [plaintiff] must show that it has a valid mark that is entitled to protection under the Lanham Act and that [defendant's] actions are likely to cause confusion with [plaintiff's] mark."  *Sports Auth., Inc. v. Prime Hosp. Corp.*, 89 F.3d 955, 960 (2d Cir. 1996) (citing *Gruner + Jahr USA Publ'g v. Meredith Corp.*, 991 F.2d 1072, 1075 (2d Cir. 1993) and 15 U.S.C. §§ 1114(1) & 1125(a)(1)(A)).

By asserting that it is the owner of 16 federally registered trademarks, see Compl. ¶ 19, plaintiff has satisfied the first prong of the test described above.  *See Gucci Am., Inc. v. Tyrrell-Miller*, 678 F. Supp. 2d 117, 119 (S.D.N.Y. 2008).  Plaintiff has also alleged that defendant Chowdhury Traders has advertised and sold counterfeits.  Compl. ¶ 99.  Because "counterfeits, by their very nature, cause confusion," plaintiff has satisfied the second prong of the test as well.  *See Gucci*, 678 F.

4

Supp. 2d at 120.  As such, plaintiff has plainly stated valid claims for which defendant Chowdhury Traders is liable.

## II. Damages

In a case involving the use of counterfeit marks in connection with a sale, offering for sale, or distribution of goods, federal law provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $1,000 nor more than $200,000 per counterfeit mark per type of goods sold.  15 U.S.C. § 1117(c)(1).

However, if the court finds that the use of the counterfeit mark was willful, then the court may impose damages of up to $2,000,000 per counterfeit mark per type of goods sold.  15 U.S.C. § 1117(c)(2).  Where, as here, the defendant has defaulted, it is deemed to be a willful infringer.  *Gucci*, 678 F. Supp. 2d at 122.

"Section 1117(c) does not provide guidelines for courts to use in determining an appropriate award as it is only limited by what the court considers just."  *Id.* at 121 (citation and internal quotation marks omitted).  Thus, here, the court may award damages ranging from $1,000 to $2,000,000 per counterfeit mark per type of goods sold.

In its papers, plaintiff asks for damages in the amount of $53,700,000.  Plaintiff arrives at this figure by multiplying 537 (the number of total trademarks infringed upon; see table below, taken from plaintiff's submissions) by $100,000 (the requested damages per mark).

5

| Counterfeit Good | No. of Goods | No. of Trademarks Per Good | Total Trademarks |
|---|---|---|---|
| MK Glasses | 36 | 3 | 108 |
| MK Watches | 105 | 3 | 315 |
| MK Cases | 36 | 3 | 108 |
| MK Earrings | 2 | 2 | 4 |
| MK Bracelet | 1 | 2 | 2 |
|  |  | **Total TMs:** | **537** |

However, the statute allows for damages of $1,000 to $2,000,000 per counterfeit mark per *type* of goods sold, not per counterfeit mark per goods actually sold. The number of actual goods seized, therefore, is irrelevant. Thus, using the above table, there are five types of goods sold (glasses, watches, cases, earrings, and bracelets), each containing either two or three marks, for a total of 13 mark/goods combinations.

For each of these 13 mark/goods combinations, the court may award damages of $1,000 to $2,000,000. Finding guidance in an analogous provision of the Copyright Act, 17 U.S.C. § 504(c), which also provides statutory damages for willful infringement, courts have considered the following factors in setting statutory damage awards under the Lanham Act: (1) the expenses saved and the profits reaped by the defendant; (2) the revenues lost by the plaintiff; (3) the value of the copyright; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether the defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant. *Gucci*, 678 F. Supp. 2d at 122.

6

Particularly relevant here is the deterrent effect of any award, as well as the fact that the defendant defaulted and is therefore deemed to be a willful infringer.

"Most judges have issued awards far below the statutory maximum ($2 million per infringed mark), on a per mark basis, where the defendant willfully infringes . . . but where there is no concrete information about the defendant's actual sales figures and profits and the estimate of plaintiff's lost revenue." *All-Star Mktg. Grp., LLC v. Media Brands Co.*, 775 F. Supp. 2d 613, 624 (S.D.N.Y. 2011) (awarding between $25,000 and $50,000 per mark/goods combination); *see also N. Face Apparel Corp. v. Moler*, No. 12-cv-6688, 2015 WL 4385626, at *7 (S.D.N.Y. July 16, 2015), *adopted*, No. 12-cv-6688, 2015 WL 5472939 (S.D.N.Y. Sept. 16, 2015) (awarding $1,000,000 per mark/goods combination); *Ermenegildo Zegna Corp. v. 56th St. Menswear, Inc.*, No. 06-cv-7827, 2008 WL 4449533, at *5 (S.D.N.Y. Oct. 2, 2008) (awarding $200,000 per mark/goods combination); *Gucci*, 678 F. Supp. 2d at 122 (S.D.N.Y. 2008) (awarding $200,000 per mark/goods combination and collecting cases).

The court finds that an award of $200,000 per mark/goods combination is appropriate, both to compensate plaintiff and to deter both defendant Chowdhury Traders as well as other third parties from engaging in counterfeiting. Multiplying $200,000 by 13 mark/goods

7

combinations, the court awards plaintiff $2,600,000 in statutory damages.

## Conclusion

For the foregoing reasons, the court orders that a final default judgment be entered in favor of plaintiff against defendant Chowdhury Traders, and plaintiff be awarded $2,600,000 in statutory damages plus post-judgment interest. This resolves the motion numbered 42 on the docket.

SO ORDERED.

Dated: New York, New York
May 27, 2016

Thomas P. Griesa
U.S. District Judge